**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4817**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CHRISTOPHER DARRELL LEDBETTER,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior
District Judge.  (6:10-cr-00134-HMH-1)

———————

Submitted:  February 18, 2011          Decided:  April 11, 2011

———————

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.   William N. Nettles, United
States Attorney, Leesa Washington, Assistant United States
Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Christopher Darrell Ledbetter challenges the procedural reasonableness of the sentence imposed by the district court following his guilty plea to one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) (2006). For the reasons stated below, we affirm his sentence.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). Our review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id.

Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). This explanation "need not be elaborate or lengthy," id. at 330,

and the district court's explanation will withstand appellate scrutiny as long this court has a basis from which to determine "that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007).

At his sentencing hearing, Ledbetter asked the district court to impose his 120-month sentence to run concurrently to a pending state sentence. The district court then imposed the sentence to be served "consecutively to any sentence the defendant is presently serving" without further comment. On appeal, Ledbetter only questions the sufficiency of the district court's explanation for imposing the sentence consecutively.

Assuming, without deciding, that the district court's explanation of the sentence was inadequate, we conclude that any error was harmless. See United States v. Booker, 543 U.S. 220, 268 (2005) (noting that appellate courts may apply the plain error and harmless error doctrines in determining whether resentencing is required); Fed. R. Crim. P. 52(a) (stating that an appellate court may disregard any error that does not affect substantial rights). A district court may impose a consecutive sentence when "multiple terms of imprisonment are imposed on a defendant at the same time" or when the "defendant . . . is

3

already subject to an undischarged term of imprisonment . . . ." 18 U.S.C. § 3584 (2006). Here, the district court imposed a sentence "consecutive to any sentence [Ledbetter] is now serving." The record in this case, however, establishes Ledbetter was not then serving a sentence as of the date the district court imposed judgment; instead, he was only being held in state custody "for some pending charges." (J.A. 39). Because those charges had not yet been adjudicated, Ledbetter was not yet serving an undischarged term of imprisonment. Thus, the district court's pronouncement of a consecutive sentence was of no effect and did not infringe Ledbetter's rights. See 18 U.S.C. § 3584.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED